IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01222-EWN-KLM

JOSE MEDIAN ESCOBAR,

    Plaintiff,

v.

L.  REID,
K. COOPER,
E. CELLA,
T. HAUCKS,
E. PERRY,
D. GALLAGHER,
SGT. BINDER,
C/O VALDEZ,
J. BROWN,
J. SIMS,
E. DICLUSION,
E. MORA,
A. LUNA,
R. WENCL,
J. WERMERS,
R. OLIVETT,
C/O JACKSON,
L. MONTOYA,
C/O BALL,
JOHN DOW,
LT. PAULINO,
C/O RAYMOND,
C/O SANTOS,
SGT. D. SMITH,
C/O WILLIAMS,
CAPTAIN MIKLICH,
LT. MATHEWS,
SGT. OATES,
C/O COLTON,
C/O HAMULA,

C/O WOOLFOLK,

DR. CRANEY, and
NURSE RITA,

      Defendant(s).

_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion to Reconsider Appointment of Counsel** [Docket No. 75; filed October 25, 2007] (the "Motion").

      Plaintiff requests that this Court reconsider its Order [Docket No. 68; filed September 28, 2007] denying his motion to appoint counsel [Docket No. 53; filed August 23, 2007]. As grounds, Plaintiff states that special circumstances exist in his case, justifying the appointment of counsel. Plaintiff states that these circumstances are the merits of his excessive force case, inadequate and insufficient access to a legal library, the factual complexity of his case, the fact that Plaintiff is in administrative segregation which hinders his investigation, the large number of defendants and the fact that Plaintiff has requested a jury trial. Finally, Plaintiff requests that a specific attorney, Mr. Ed Raimey, be appointed as his counsel.

      A party subject to an adverse judgment who seeks reconsideration of that judgment, may "file . . . a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). . . ." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). If a motion is served within ten days of the judgment, the motion usually falls under Rule 59(e). *Id.* Plaintiff's motion to reconsider my September 28, 2007 Order was filed on October 25, 2007, well outside the ten day deadline. I therefore construe this as a renewed motion to appoint counsel.

      As Plaintiff was advised in my previous Order, the Court does not have the funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. The Court can only seek volunteer counsel to represent a plaintiff such as this Plaintiff. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel. In deciding whether to seek volunteer counsel, the Court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). These factors include: (1) the merits of the plaintiff's claims; (2) the nature of the factual

issues raised in the claims; (3) the plaintiff's ability to present his claims; and (4) the complexity of the legal issues raised by the claims. *Rucks*, 57 F.3d at 979 (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

Having given careful consideration to the circumstances of Plaintiff's case bearing on the need for counsel, I find that the issues raised in this excessive force action are not overly complex. Plaintiff has demonstrated his ability to use the Federal Rules of Civil Procedure, cite to relevant caselaw, present his claims to this Court and respond to matters submitted by other parties. Moreover, the record does not provide any reason why Plaintiff could not, if needed, conduct discovery using discovery procedures such as written interrogatories, requests for admissions and requests for production of documents, available pursuant to the Federal Rules of Civil Procedure.

Accordingly, based on the foregoing and the entire record herein, IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Reconsider Appointment of Counsel** [Docket No. 75; filed October 25, 2007] is **DENIED**.

BY THE COURT:
\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: November 14, 2007