IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01222-EWN-KLM

JOSE MEDIAN ESCOBAR,

    Plaintiff,

v.

L. REID,
K. COOPER,
E. CELLA,
T. HAUCKS,
E. PERRY,
D. GALLAGHER,
SGT. BINDER,
C/O VALDEZ,
J. BROWN,
J. SIMS,
E. DICLUSION,
E. MORA,
A. LUNA,
R. WENCL,
J. WERMERS,
R. OLIVETT,
C/O JACKSON,
L. MONTOYA,
C/O BALL,
JOHN DOW,
LT. PAULINO,
C/O RAYMOND,
C/O SANTOS,
SGT. D. SMITH,
C/O WILLIAMS,
CAPTAIN MIKLICH,
LT. MATHEWS,
SGT. OATES,
C/O COLTON,
C/O HAMULA,
C/O WOOLFOLK,
DR. CRANEY and

NURSE RITA

    Defendant(s).

_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Writ of Mandamus** [Docket No. 84; filed November 7, 2007] and **Motion to Consider Relevant Information** [Docket No. 89; filed November 14, 2007].

    Plaintiff's first Motion [Docket No. 84] seeks a writ of mandamus that would compel this Court to rule on his Motion for Temporary Restraining Order and/or Preliminary Injunction. Plaintiff has filed two motions for Temporary Restraining Order and/or Preliminary Injunction. The first [Docket No. 34; filed July 26, 2007] was denied on August 3, 2007, without prejudice by Magistrate Judge Hegarty for failure to comply with Fed. R. Civ. P. 65(a) and 65(b) and D.C.Colo.L.Civ.R. 65.1 [Docket No. 44]. The second was filed November 16, 2007, subsequent to Plaintiff's request for a writ of mandamus [Docket No. 91; November 16, 2007]. Although the timing is confusing, I note that Plaintiff proceeds *pro se* and is incarcerated. Accordingly, I will treat Plaintiff's request for a writ of mandamus as relating to his Motion for Temporary Restraining Order and/or Preliminary Injunction filed November 16, 2007 [Docket No. 91].

    28 U.S.C. § 1361 provides district courts with original jurisdiction in actions in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A *pro se* petition for a writ of mandamus may also be construed as an action for injunctive or declaratory relief under 42 U.S.C. § 1983. *See Olson v. Hart*, 965 F.2d 940, 943 (10th Cir. 1992). Section 1983 injunctive relief is only available if the plaintiff can show he was deprived of a federal right. *Id.* The Tenth Circuit has held that to be entitled to mandamus relief, a plaintiff must show: "(1) a clear right to relief, (2) a 'plainly defined and peremptory' responsibility of the respondent to perform the act in question, and (3) the absence of any other adequate remedy." *Goodman v. U.S.*, 185 Fed.Appx. 725, 728 (10th Cir. 2006) (quoting *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005)).

    Plaintiff requests that this Court be compelled to rule on his Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 91; filed November 16, 2007]. I note that by Minute Order dated December 10, 2007 [Docket No. 103], I ordered that Defendants Reid, Cella, Gallagher, Binder, Valdez, Brown, Sims, Mora, Luna, Wermers, Olivett, Jackson, Paulino, Santos, Raymond, Smith, Ball, Declusion, Hauck and Cooper shall respond to Plaintiff's Motion for Temporary Restraining Order and/or Preliminary

Injunction by December 26, 2007. I also note that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction was filed on November 16, 2007. Accordingly, it has been pending before this Court for little more than a month. While Plaintiff is certainly entitled to have this Court address his Motion, the Court will deal with his Motion in due course, just as it does for all other parties. Further, as Defendants' Response is not currently due until December 26, 2007, the Court cannot and will not rule on his Motion prior to that time. Plaintiff has not demonstrated that he is entitled to the extraordinary remedy of mandamus relief. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's **Motion for Writ of Mandamus** [Docket No. 84; filed November 7, 2007] is **DENIED**.

Plaintiff's second Motion [Docket No. 89] requests that this Court consider "relevant information in regards to Plaintiff's restraining order." [Docket No. 89, p. 1]. In his Motion, Plaintiff provides information related to an event that allegedly transpired on November 5, 2007, wherein Defendant Lt. Mathews and one C/O Hawkins threatened Plaintiff with bodily injury in retaliation for his lawsuits. I interpret this as a supplement to Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 91; filed November 16, 2007]. I again note the problematic timing of these motions. Plaintiff's Motion to supplement his Motion for Temporary Restraining Order/Preliminary Injunction was filed on November 14, 2007, two days *prior to* the date when he actually filed his Motion for Temporary Restraining Order/Preliminary Injunction [Docket No. 91; filed November 16, 2007]. However, as Plaintiff is proceeding while *pro se* and incarcerated, I again give Plaintiff the benefit of the doubt. I therefore construe Plaintiff's supplement as relating to his November 16, 2007 Motion for Temporary Restraining Order and/or Preliminary Injunction, and not as relating to his Motion for Temporary Restraining Order and/or Preliminary Injunction previously denied by Magistrate Judge Hegarty on August 3, 2007.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Consider Relevant Information** [Docket No. 89; filed November 14, 2007] is **GRANTED**. Defendants are to respond to the allegations contained in Plaintiff's Supplement to his Motion for Temporary Restraining Order and/or Preliminary Injunction on or before **December 26, 2007**.

IT IS FURTHER **ORDERED** that an evidentiary hearing shall be held by video-conference on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 91] on **January 14, 2008 at 10:30 a.m.** The parties shall be prepared to present testimony and other evidence relating to Docket No. 91 at that time. Plaintiff shall appear by video-conference. Defense counsel shall appear in person. The parties shall arrange for witnesses to either appear by video-conference or in person.

IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of this Minute Order to the Colorado State Penitentiary Legal Officer, Dennis Burbank, at the address which follows, to facilitate making arrangements for Plaintiff to appear at the evidentiary hearing by video-conference:

Dennis Burbank
CSP Legal Officer
P.O. Box 777
Canon City, CO 81215-0777

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: December 19, 2007