IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01222-EWN-KLM

JOSE MEDIAN ESCOBAR,

    Plaintiff,

v.

L. REID,
K. COOPER,
E. CELLA,
T. HAUCKS,
E. PERRY,
D. GALLAGHER,
SGT. BINDER,
C/O VALDEZ,
J. BROWN,
J. SIMS,
E. DICLUSION,
E. MORA,
A. LUNA,
R. WENCL,
J. WERMERS,
R. OLIVETT,
C/O JACKSON,
L. MONTOYA,
C/O BALL,
JOHN DOW,
LT. PAULINO,
C/O RAYMOND,
C/O SANTOS,
SGT. D. SMITH,
C/O WILLIAMS,
CAPTAIN MIKLICH,
LT. MATHEWS,
SGT. OATES,
C/O COLTON,
C/O HAMULA,

C/O WOOLFOLK,
DR. CRANEY and
NURSE RITA

    Defendant(s).

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to Introduce this Additional Supplemental Complaint** [Docket No. 134; filed February 6, 2008] (the "Motion to Supplement"). The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion, the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion [Docket No. 134] be **DENIED**.

    In his Motion to Supplement, Plaintiff seeks leave to file a "supplemental" complaint, alleging various violations of his constitutional rights allegedly committed by Warden Jones, Captain Foster, Captain Huertas, Lieutenant Will, Sgt. Hardrick, Sgt. West, C/O A. Dalton, C/O R. Martinez, Nurse L. Erickson, Nurse Cathy, Nurse Walker and Nurse Ewers. Defendants have not filed a Response to Plaintiff's Motion.

    In relevant part, Fed. R. Civ. P. 15(d) provides that "[u]pon motion of a party the

2

court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Pursuant to Rule 15(d), "trial courts [have] broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001). Moreover, leave to supplement a complaint should be given freely, based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party. *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). In determining whether to allow a supplement under Rule 15(d), it is appropriate for the Court "to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Forest Guardians v. U.S. Bureau of Reclamation*, 462 F.Supp.2d 1177, 1185 fn. 6 (D.N.M. 2006) (citation omitted).

On July 11, 2007, the Tenth Circuit Court of Appeals reversed the dismissal of Plaintiff's case, and remanded it to this Court for further proceedings [Docket No. 28]. Plaintiff then filed his first "supplemental" complaint on July 26, 2007 [Docket No. 33], which was accepted for filing by my Order dated October 29, 2007 [Docket No. 78]. At that time, I found that because Plaintiff's first motion to supplement was made promptly and allegedly concerned facts which occurred subsequent to the filing of his original claim, there was good cause to allow the supplement.

However, Plaintiff's instant Motion to Supplement presents a different situation. Six months have passed since Plaintiff's Complaint was remanded to the jurisdiction of this Court. The Court is mindful of the admonition that the Federal Rules of Civil Procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. As such, Plaintiff's case will never be resolved if Plaintiff is permitted to continuously update his claims and add additional parties. Moreover, allowing Plaintiff to file a second supplement to his Complaint at this date, after a Scheduling Order has been entered and when deadlines for discovery and dispositive motions have been set for March 18, 2008 and April 18, 2008, respectively [Docket No. 79], would unreasonably delay resolution of this matter and unduly prejudice the Defendants.

Accordingly, I respectfully **RECOMMEND** that Plaintiff's Motion to Supplement [Docket No. 134; filed February 6, 2008] be **DENIED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for

appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: February 28, 2008