IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01222-EWN-KLM

JOSE MEDINA ESCOBAR,

        Plaintiff,

v.

L.  REID,
K. COOPER,
E. CELLA,
T. HAUCKS,
E. PERRY,
D. GALLAGHER,
SGT. BINDER,
C/O VALDEZ,
J. BROWN,
J. SIMS,
E. DICLUSION,
E. MORA,
A. LUNA,
R. WENCL,
J. WERMERS,
R. OLIVETT,
C/O JACKSON,
L. MONTOYA,
C/O BALL,
LT. CONWAY,
LT. PAULINO,
C/O RAYMOND,
DESANTOS,
SGT. D. SMITH,
C/O WILLIAMS,
CAPTAIN MIKLICH,
LT. MATHEWS,
SGT. OATES,
C/O COLTON,
C/O HAMULA,
C/O WOOLFOLK,

DR. CRANEY and
NURSE RITA

     Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion to Stay All Proceedings Until Court - Judge Nottingham Rule** [sic] **on All Pending Motions and Objections to All the Recommendations by Magistrate Judge Mix** [Docket No. 157; Filed August 11, 2008] (the "Motion to Stay") and Defendants' **Motion to Enlarge Time to File Dispositive Motion** [Docket No. 163; Filed August 14, 2008] (the "Motion to Extend"). The Court has reviewed the Motions, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motions are **DENIED**, as set forth below.

     First, Defendants request that the dispositive motions deadline in this case be extended to December 1, 2008. *Motion to Extend* [#163] at 2. The dispositive motions deadline in this case expired on April 18, 2008 [Docket No. 79].

     Numerous courts have noted, and I agree, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.,Washington v. Arapahoe County Dept. Of Social Services*, 197 F.R.D. 439, 441 (D.Colo. 2000) (citations omitted). Pursuant to Fed.R.Civ.P. 16(b), a deadline set in a scheduling order may be modified only upon a showing of good cause. Good cause has

been interpreted to mean that "scheduling deadlines cannot be met despite a party's diligent efforts, . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Jorgenson v. Montgomery*, 2007 WL 3119549, *3 (D.Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp 959, 980 (D.S.C. 1997)).

In an attempt to provide good cause, Defendants' counsel states that he entered his appearance on January 4, 2008 [Docket No.123]. He argues that shortly after entering his appearance he was required to file several answers, as well as a response to Plaintiff's Motion for Temporary Restraining Order, and then required to attend a hearing on Plaintiff's Motion for Temporary Restraining Order, held on January 14, 2008. *Motion to Extend* [#163] at 1-2. Defendants argue that "[t]he amount of time between the work performed on January 8, 2008, . . ., and the pre-existing dispositive motion date was insufficient for counsel to file appropriate dispositive motions in this case." *Id.* at 2. However, the Court notes that the dispositive motions deadline did not expire until April 18, 2008, a little more than a month after the hearing on Plaintiff's Motion for Temporary Restraining Order, which should have provided Defendants' counsel with ample time to file a dispositive motion, or in the alternative, to file a motion to extend the dispositive motion deadline within the applicable time period. The fact that Defendants delayed until August 14, 2008, a mere week before the Preliminary Pretrial Conference, to attempt to extend the dispositive motions deadline does not demonstrate that Defendants were exercising reasonable diligence. No showing has been made that Defendants could not have met the dispositive

motion deadline through the exercise of reasonable diligence. I find that Defendants have not established good cause to amend the Scheduling Order. Accordingly, IT IS HEREBY **ORDERED** that Defendants' **Motion to Enlarge Time to File Dispositive Motion** [Docket No. 163; Filed August 14, 2008] is **DENIED**.

Plaintiff's Motion to Stay requests that this Court stay all proceedings, including the Preliminary Pretrial Conference currently set for August 21, 2008, until Chief Judge Nottingham rules on certain pending motions. *Motion to Stay* [#157] at 1. The Court notes that its Recommendation on Plaintiff's Motion to Supplement his Complaint [Docket No. 136; Filed February 28, 2008], and Recommendation on Plaintiff's Motions for Temporary Restraining Order [Docket No. 139; Filed March 10, 2008], and Plaintiff's Petition for Writ of Mandamus [Docket No. 150; Filed May 22, 2008] are currently pending before Chief Judge Nottingham. Plaintiff provides no grounds to stay the case other than the simple fact that these motions have not been ruled upon, and the Court notes that it is quite common for cases to proceed to preliminary pretrial conference with such motions pending. It is this Court's duty to ensure that all cases receive an efficient and speedy resolution, and this case is no exception. Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Stay All Proceedings Until Court - Judge Nottingham Rule** [sic] **on All Pending Motions and Objections to All the Recommendations by Magistrate Judge Mix** [Docket No. 157; Filed August 11, 2008] is **DENIED**.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: August 15, 2008

4