**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

L. REID,
K. COOPER,
E. CELLA,
T. HAUCKS,
E. PERRY,
D. GALLAGHER,
SGT. BINDER,
C/O VALDEZ,
J. BROWN,
J. SIMS,
E. DICLUSION,
E. MORA,
A. LUNA,
R. WENCL,
J. WERMERS,
R. OLIVETT,
C/O JACKSON,
L. MONTOYA,
C/O BALL,
JOHN DOW,
LT. PAULINO,
C/O RAYMOND,
C/O SANTOS,
SGT. D. SMITH,
C/O WILLIAMS,
CAPTAIN MIKLICH,
LT. MATHEWS,
SGT. OATES,
C/O COLTON,
C/O HAMULA,
C/O WOOLFOLK,
DR. CRANEY, and
NURSE RITA,

    Defendants.

**ORDER ADOPTING AND AFFIRMING FEBRUARY 9, 2009
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the February 9, 2009 Recommendation of United States Magistrate Judge (Doc. # 209). The Recommendation concerns three dispositive motions filed by Defendants in this case: (1) Defendants' Motion for Summary Judgment (Docs. # 176 & 177); (2) Defendants' Combined Motion for Summary Judgment and Brief (Doc. # 178); and (3) Defendants' Motion for Judgment on the Pleadings Dismissal of the Supplemental Complaint (Doc. # 179).

## **INTRODUCTION**

Defendants' Motions are not the paradigm of thorough lawyering. For example, they violate the local rules of procedure in multiple aspects and attach no evidence to support Defendants' arguments, not even an affidavit or declaration. Notwithstanding the Motions' shortcomings, the Magistrate Judge decided against striking the Motions. Instead, she recommends that Defendants' Motion for Summary Judgment be GRANTED IN PART AND DENIED IN PART; Defendants' Combined Motion for Summary Judgment and Brief be DENIED; and Defendants' Motion for Judgment on the Pleadings Dismissal of the Supplemental Complaint be GRANTED.

Plaintiff filed timely objections to the Magistrate Judge's recommendations. (Doc. # 215.) However, Plaintiff's objections, much like his three operative complaints in this matter, are rather prolix and sprawling in nature. Instead of identifying specific errors in the Magistrate Judge's recommendations, Plaintiff largely reiterates his factual

allegations or provides new, but unsubstantiated, factual allegations in support of his claims.  Thus, the Court has had some difficulty discerning the issues in the Magistrate Judge's recommendations to which Plaintiff objects.

Regardless, because Plaintiff is proceeding *pro se*, the Court has given Plaintiff the benefit of the doubt and, to the extent possible, conducted a *de novo* review of the issues, recommendations, and Plaintiff's objections.  Based on this review, the Court concludes that the Magistrate Judge's thorough and comprehensive analyses are correct.  Accordingly, the Court will AFFIRM AND ADOPT the Magistrate Judge's Recommendation.

## DISCUSSION

In her 74-page Recommendation, the Magistrate Judge did an excellent job of recounting the factual allegations, claims for relief, and procedural history in this case. Therefore, the Court directs readers to the Magistrate Judge's Recommendation for a discussion of those topics.

**I.     STATUTE OF LIMITATIONS**

The Magistrate Judge recommends that the Court dismiss certain of Plaintiff's claims, those claims that the Magistrate Judge could determine accrued before June 18, 2004, on statute of limitations grounds.  Plaintiff objects, arguing that the Magistrate Judge erred by refusing to equitably toll the two-year statute of limitations.  Plaintiff claims that Defendants impeded his ability to file a lawsuit by:  restricting his ability to

file administrative grievances, refusing to provide him with a sufficient prison law library, interfering with legal mail, and physically and mentally harassing him.

Equitable tolling may save a plaintiff's claims from a statute of limitations defense, but, under Colorado law, courts rarely apply the doctrine. *See, e.g., Noel v. Hoover*, 12 P.3d 328, 330 (Colo. Ct. App. 2000) (noting that equitable tolling requires wrongful conduct by the defendant or "truly exceptional circumstances" that prevent a plaintiff from filing a timely claim) (citing *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094 (Colo. 1996)). The Court agrees with the Magistrate Judge and finds that this case does not present the rare or "exceptional circumstances" in which equitable tolling should be applied.

Plaintiff has not shown that all of Defendants' actions were wrongful or inequitable. It is undisputed that Defendants restricted Plaintiff from filing more than one administrative grievance per month. Plaintiff claims this restriction prevented him from filing a timely complaint. However, in restricting Plaintiff's grievance activity, Defendants acted in compliance with prison regulations and were responding to well-founded concerns that Plaintiff had abused the grievance process. The Court cannot say that Defendants' restriction amounts to wrongful conduct supporting the application of equitable tolling.

Plaintiff's other allegations fail to support equitable tolling because Plaintiff has not shown how Defendants' actions, even if wrongful, prevented him from filing his complaint in a timely manner. For example, Plaintiff describes only one incident in

which Defendants interfered with his legal mail, Plaintiff's altercation with Defendant DeSantos. However, Plaintiff admits that another prison official came by his cell ten minutes later and picked up the legal mail that Defendant DeSantos refused to send. A ten-minute delay, even if wrongful, will not support equitable tolling. Regarding Plaintiff's objection that a dearth of materials in the prison law library delayed his ability to file a lawsuit, Plaintiff does not identify any materials withheld by Defendants from the library that would have expedited his complaint in this lawsuit. Even if Plaintiff could show that a deficiency in the prison law library prevented him from filing a timely complaint, Plaintiff has not shown that Defendants caused the deficiency or had the ability to cure the deficiency.

Accordingly, the Court agrees with the Magistrate Judge that certain claims accruing prior to June 18, 2004, should be dismissed as untimely.

## II.     DEFENDANTS REID, LUNA, MARTIN, CRANEY, AND RITA

Plaintiff next objects to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claims against Defendants Reid, Luna, Martin, Craney, and Nurse Rita on the basis that these Defendants did not personally participate in any of the alleged constitutional deprivations.

### A.     Defendant Reid

Plaintiff contends that Defendant Reid wrote letters to Plaintiff and imposed restrictions on Plaintiff's ability to file administrative grievances, and that these actions reflect Defendant Reid's personal involvement in the alleged violations of Plaintiff's

constitutional rights.  Plaintiff also argues that Defendant Reid knew or should have known about the alleged assaults by prison officials and unconstitutional conditions of confinement.

However, the Court disagrees with Plaintiff that Defendant Reid can be held liable in this case.  As the Magistrate Judge notes, claims under 42 U.S.C. § 1983, like those Plaintiff alleges in this case, do not allow a plaintiff to hold a defendant liable under a *respondeat superior* theory.  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (supervisor cannot be held liability solely by virtue of supervisory position).  In his objection, Plaintiff has done little more than reiterate his allegations that Defendant Reid supervised or managed the wrongful actions of subordinate prison officials.  However, simply because Defendant Reid's name was on certain documents does not mean that Defendant Reid personally participated in the actions about which Plaintiff complains.  And, in a similar manner to deficient allegations in his complaints, Plaintiff's objection fails to provide evidence of an affirmative link between Defendant Reid and those subordinate officials' actions aside from Defendant's Reid's tangential supervisory role. *See Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (holding that "it is not enough for a plaintiff to merely show a defendant was in charge of other state actors who actually committed the violation").

Thus, the Court agrees that Plaintiff's claims against Defendant Reid should be dismissed per the Magistrate Judge's recommendation.

B.     Defendants Luna, Martin, Craney, and Nurse Rita

The Court also agrees with the Magistrate Judge that Plaintiff's complaints fail to state claims against Defendants Luna, Martin, Craney, and Nurse Rita because Plaintiff has not shown that these Defendants personally participated in any constitutional violation.

Regarding Defendant Luna, Plaintiff has simply alleged that Defendant Luna destroyed and continues to destroy Plaintiff's legal mail. These allegations are vague and unsupported, and Plaintiff has not linked them to any constitutional injury.

Regarding Defendants Martin, Craney, and Nurse Rita, Plaintiff objects to the Magistrate Judge's recommendation by moving to amend his complaints to add new allegations against these Defendants. However, Plaintiff's after-the-fact motion to amend is improper under the local rules of procedure, and the Court need not consider it as a basis to overrule the Magistrate Judge's recommendation. *See* D.C.COLO.LCivR 7.1C ("A motion shall be made in a separate paper.").[1]

Accordingly, the Court agrees with the Magistrate Judge that the claims against Defendants Luna, Martin, Craney, and Nurse Rita should be dismissed.

---

[1] The Court acknowledges that Plaintiff has also filed a separate Motion for Leave to Amend. (Doc. # 216.) For clarity's sake, the Court will address the Motion for Leave in a separate order.

### III.   QUALIFIED IMMUNITY

The Magistrate Judge recommends that the Court dismiss certain claims on the basis of qualified immunity.  Plaintiff objects to these recommendations, but the Court agrees with the Magistrate Judge.

####   A.   Sexual Harassment/Abuse Against Defendant Mora

The Magistrate Judge recommends that the Court dismiss Plaintiff's Eighth Amendment claim against Defendant Mora to the extent the claim is founded on Defendant Mora's unwelcome sexual advances because, even if true, the harassment does not reach federal constitutional proportions.  Thus, the Magistrate Judge concluded that Plaintiff could not meet the first prong of the qualified immunity test, violation of a constitutional or statutory right.  *See Nelson v. McMullen*, 207 F.3d 1202 (10th Cir. 2000) (describing plaintiff's two-part burden under qualified immunity).  After reviewing Plaintiff's complaint and objection, the Court agrees with the Magistrate Judge that Defendant' Mora's conduct, although uncouth, unprofessional, and derogatory, is not sufficient to state a constitutional claim.  *See Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997) (episodes of harassment although "despicable," do not rise to level of Eighth Amendment violation).

Plaintiff contends that he has provided enough factual material to state an Eighth Amendment violation.  Plaintiff alleges that Defendant Mora grabbed Plaintiff's buttocks and made tasteless jokes about having sex with Plaintiff.  Plaintiff also alleges that Defendant Mora belittled Plaintiff's faith.  Assuming for purposes of this motion for

8

summary judgment that these allegations are true, they reflect poorly on Defendant Mora. However, the Court agrees with the Magistrate Judge that they do not describe treatment severe or depraved enough to state a constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (noting that "not every malevolent touch by a prison guard gives rise to federal cause of action").

Accordingly, the Court agrees with the Magistrate Judge that, to the extent it is based on allegations of sexual harassment, Plaintiff's Eighth Amendment claim against Defendant Mora should be dismissed.

B.  Deliberate Indifference Against Defendants Wencl and Wermers

Plaintiff alleges that Defendant Wencl violated Plaintiff's Eighth Amendment rights by refusing to provide Plaintiff with medical attention and confiscating Plaintiff's medical pillow. Plaintiff alleges that Defendant Wermers committed a similar violation by failing to provide Plaintiff with treatment for Plaintiff's thyroid condition on October 19, 2004. The Magistrate Judge recommended that these claims should be dismissed because Plaintiff could not meet the first prong of the qualified immunity test, *i.e.*, he could not state a violation of the Eighth Amendment.

The Court agrees with the Magistrate Judge that Plaintiff's generic allegations against Defendant Wencl do not describe a violation of the Eighth Amendment. In fact, Plaintiff's allegations against Defendant Wencl do not satisfy either element of a deliberate indifference claim. First, Plaintiff has not shown that Defendant Wencl ignored a sufficiently serious medical need. *See Farmer v. Brennan*, 511 U.S. 825,

834,(1994).  Second, Plaintiff has not shown that Defendant Wencl knew of and disregarded an excessive risk to Plaintiff's health and safety.  *Id.* at 837.  Plaintiff alleges only vague, unspecified maladies that Defendant Wencl allegedly ignored, and Plaintiff does not elaborate on his purported medical ailments in his objection.  Nor does Plaintiff describe any injuries that he suffered as a result of Defendant Wencl's alleged deliberate indifference.  Thus, Plaintiff has not stated an Eighth Amendment claim against Defendant Wencl.

Regarding Defendant Wermers, Plaintiff provides more specific facts regarding the incident underlying his claim, and Plaintiff correctly notes that his medical condition need not be life threatening to trigger liability.  However, Plaintiff still fails to allege any facts from which the Court or a jury might be able to infer that Defendant Wermers knew of and disregarded an "excessive risk" to Plaintiff's health.  *See id.* at 837.  Neither Plaintiff's complaints nor his objection explain what facts, *e.g.*, statements by Defendant Wermers or subsequent medical treatment, would imply that Defendant Wermers, by refusing to treat Plaintiff for his thyroid condition, knowingly disregarded an excessive risk Plaintiff's health or safety.

Accordingly, the Court agrees with the Magistrate Judge that the claims against Defendants Wencl and Wermers should be dismissed.

    C.    <u>Defendants Cooper, Haucks, and Perry</u>

The Magistrate Judge found that Plaintiff's fourth claim actually contained two distinct claims for relief:  one claim for violation of procedural due process based on the

allegations that Defendants Cooper, Haucks, and Perry had disciplined Plaintiff without given him due process, and a second claim for First Amendment retaliation based on the allegations that Defendants Cooper, Haucks, and Perry disciplined Plaintiff in retaliation for Plaintiff's participation in protected activities.  The Magistrate Judge recommends that the Court dismiss both claims on the basis of qualified immunity.

Regarding procedural due process, the Magistrate Judge found that Plaintiff did not establish a violation of due process because he could not show that his disciplinary conviction and resulting segregation imposed an "atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life."  *Sandin v. Connor*, 515 U.S. 472, 484 (1995).  Plaintiff objects, contending that he has shown that Defendants Cooper, Haucks, and Perry imposed disciplinary measures on him by using prison procedures that allowed for too much "play" in the process.

Plaintiff's objection fails for a number of reasons.  First, Plaintiff cites no authority for his proposed constitutional standard – "play" or discretion in the disciplinary process does not mean that the process is constitutionally inadequate.  Indeed, prison officials need a certain amount of discretion to deal with the multitudinous issues that arise in a prison disciplinary context and this Court is ill-equipped to second guess those procedures on the basis of Plaintiff's vague allegations.  *See, e.g., Turner v. Safley*, 482 U.S. 78, 84 (1987).  Second, even if the disciplinary procedures followed by Defendants were constitutionally inadequate under the circumstances, Plaintiff has not shown that Defendants Cooper, Haucks, and Perry imposed any punishment on him that was

atypical or unusual in relation to the normal prison disciplinary process. *See Sandin*, 515 U.S. at 485. In other words, Plaintiff cannot show that the purported denial of procedural due process caused him a cognizable injury. Thus, the Court agrees with the Magistrate Judge that Plaintiff's fourth claim does not state a procedural due process claim against Defendants Cooper, Haucks, and Perry.

Regarding First Amendment retaliation, Plaintiff must show that (1) he engaged in protected activity; (2) he suffered an adverse action; and (3) that a causal connection exists between the protected activity and the adverse action. *See Scott v. Churchill*, 377 F.3d 656, 569 (6th Cir. 2004). In her recommendation, the Magistrate Judge acknowledges that Plaintiff had engaged in protected activity by filing administrative grievances and lawsuits, and suffered an adverse action in the form of disciplinary charges against him. However, the Magistrate Judge recommends that the Court dismiss Plaintiff's retaliation claim against Defendants Cooper, Haucks, and Perry because Plaintiff failed to establish specific facts that would permit a reasonable finder of fact to infer that Defendants Cooper, Haucks, and Perry intended to impose the disciplinary charges in retaliation against Plaintiff. In other words, the Magistrate Judge found that Plaintiff could not show causation.

The Court agrees with the Magistrate Judge. In his objection, Plaintiff contends that he has presented circumstantial evidence that permit an inference of a retaliatory motive by Defendants Cooper, Haucks, and Perry. However, Plaintiff has not alleged specific facts, such as statements by Defendants or conspicuous timing, to permit such

an inference. Rather, he has alleged a diaphanous conspiracy among dozens of prison officials to retaliate against him. He also claims that there is suspicious timing between an un-described disciplinary action and an un-described assault. Yet, Plaintiff gives no dates or details concerning the conspiracy, disciplinary action, or assault. As such, the vague allegations are insufficient to link his disciplinary charges to his protected activity. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir 1998) (noting that a prisoner must identify "specific facts" to establish retaliation).

Accordingly, the Court agrees with the Magistrate Judge that, to the extent it sounds under the First Amendment, Plaintiff's claim four against Defendants Cooper, Haucks, and Perry should be dismissed.

## IV.  FIRST AMENDMENT CLAIM AGAINST DEFENDANT DESANTOS

The Magistrate Judge recommends that the Court dismiss Plaintiff's First Amendment claim against Defendant DeSantos because Plaintiff failed to establish that Defendant DeSantos caused Plaintiff a cognizable injury. Plaintiff objects claiming that Defendant DeSantos filed disciplinary charges against Plaintiff that caused him to suffer injury in the form of discipline by other prison officials.[2]

Plaintiff does not dispute that ten minutes after Defendant DeSantos allegedly refused to accept Plaintiff's outgoing legal mail, another prison official, Lt. Pryor, came

---

[2] The Court need not address the new factual allegations regarding disciplinary charges filed by Defendant DeSantos because these allegations were not contained in Plaintiff's pleadings or motions briefing and, therefore, were never properly presented to the Magistrate Judge. Regardless, the Court will give Plaintiff the benefit of the doubt and discuss the Magistrate Judge's recommendation that this claim be dismissed.

to Plaintiff's cell and took Plaintiff's mail to the mail room. Thus, Plaintiff's legal mail presumably reached its destination notwithstanding Defendant DeSantos' actions. In other words, Defendant DeSantos' refusal to "log in" Plaintiff's legal mail did not affect Plaintiff's legal proceedings. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that a plaintiff must prove that a defendant's conduct actually impeded the plaintiff's ability to conduct a case). Thus, because Plaintiff's legal mail was delayed by only ten minutes, the Magistrate Judge correctly concludes that Plaintiff did not suffer an actual, cognizable injury.

Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's First Amendment claim against Defendant DeSantos should be dismissed.

## V.     EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS PAULINO, CONWAY, DESANTOS, RAYMOND, SMITH, WILLIAMS, AND BALL

Plaintiff alleges that Defendants Paulino, Conway, DeSantos, Raymond, Smith, Williams, and Ball violated his Eighth Amendment rights by showing deliberate indifference to Plaintiff's serious medical needs when Plaintiff suffered chest pains on June 16, 2006. The Magistrate Judge recommended that this claim be dismissed because Plaintiff could not show that these Defendants intentionally delayed Plaintiff in obtaining medical care. The key component of the Magistrate Judge's recommendation was the fact that Defendants did everything within their power to provide Plaintiff with immediate medical attention. The Magistrate Judge found that any delay in treatment resulted from causes outside of Defendants' domain, *i.e.*, a delay in getting a van to the prison to transport Plaintiff to the hospital. Thus, the Magistrate Judge concluded that

Defendants Paulino, Conway, DeSantos, Raymond, Smith, Williams, and Ball lacked the requisite, culpable state of mind necessary to state an Eighth Amendment claim.

In apparent acknowledgment of the deficiency with this claim, Plaintiff adds considerable factual allegations in his objection.  For the first time, Plaintiff alleges that Defendants lied about the lack of available transportation and that Defendants could have called an ambulance to avoid the four hour delay in transporting Plaintiff to the hospital.  However, these unsubstantiated and self-serving allegations of fact cannot save this claim from dismissal.  First, these allegations were not before the Magistrate Judge in a timely fashion.  Second, the allegations are unsupported by the factual record and, even if Plaintiff presented affidavits or other factual support for his allegations, the admissibility of such evidence would be dubious at best since it relies so heavily on hearsay testimony.

Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's Eighth Amendment claim against Defendants Paulino, Conway, DeSantos, Raymond, Smith, Williams, and Ball should be dismissed.

## **CONCLUSION**

Plaintiff's lawsuit consists of three separate complaints with a sprawling series of unsupported, repetitive, and prolix allegations against no less than thirty-one prison officials.  Against this broad backdrop, Defendants filed three dispositive motions that do not comply with the local rules of procedure, contain no evidence to contradict Plaintiff's factual allegations, and provide mere crumbs of legal argument to support dismissal of

Plaintiff's claims.  The Court commends the Magistrate Judge for wading through this thicket of questionable factual allegations and inattentive defense lawyering to arrive at a thorough and comprehensive Recommendation.

Accordingly,

IT IS ORDERED that the February 9, 2009 Recommendation of United States Magistrate Judge (Doc. # 209) is AFFIRMED and ADOPTED, and that Defendants' Motion for Summary Judgment (Doc. # 176) is GRANTED IN PART AND DENIED IN PART; Defendants' Combined Motion for Summary Judgment and Brief (Doc. # 178) is DENIED; and Defendants' Motion for Judgment on the Pleadings (Doc. # 179) is GRANTED.

IT IS FURTHER ORDERED that the following claims are dismissed:

(1) Plaintiff's First Claim for Relief against Defendants Haucks, Perry, Cella, Cooper, Gallagher, Montoya, Jackson, Binder, and Valdez for failure to file within the statute of limitations period;

(2) Plaintiff's Third Claim for Relief against Defendants Haucks, Perry, Cooper, Cella, and Reid for failure to file within the statute of limitations period;

(3) Plaintiff's First and Seventh Claims for Relief against Defendant Reid for failure to establish personal participation or supervisory liability;

(4) Plaintiff's First Claim for Relief against Defendant Luna and Seventh Claim for Relief against Defendants Martin, Craney, and Nurse Rita for failure to establish their personal participation;

(5) The portion of Plaintiff's First Claim for Relief that alleges Defendant Mora sexually molested him, on the grounds of qualified immunity;

(6) Plaintiff's Second Claim for Relief against Defendants Wencl and Wermers on the grounds of qualified immunity;

(7) Plaintiff's Fourth Claim for Relief against Defendants Haucks, Perry and Cooper on the grounds of qualified immunity;

(8) Plaintiff's Seventh Claim for Relief against Defendant Miklich on the grounds of qualified immunity; and

(9) Plaintiff's Fifth Claim for Relief against Defendants DeSantos, Paulino, Conway, Raymond, Smith, Williams, and Ball pursuant to Fed. R. Civ. P. 12(c).

IT IS FURTHER ORDERED that the following claims will remain:

(1) The portion of Plaintiff's First Claim for Relief that alleges Defendants Brown, Sims, and Diclusion used excessive force against him in violation of the Eighth Amendment;

(2) The portion of Plaintiff's First Claim for Relief that alleges Defendants Mora and Olivett denied him a nutritionally adequate diet in violation of the Eighth Amendment;

(3) The portion of Plaintiff's Sixth Claim for Relief that alleges Defendants Raymond and Gonzales used excessive force against him in violation of the Eighth Amendment;

(4) The portion of Plaintiff's Seventh Claim for Relief that alleges Defendants Colton, Hamula, and Mathews used excessive force against him in violation of the Eighth Amendment;

(5) The portion of Plaintiff's Seventh Claim for Relief that alleges Defendant Woolfolk failed to intervene and protect Plaintiff from Defendants' Colton, Hamula, and Mathews' application of excessive force in violation of the Eighth Amendment.

DATED: September __17__, 2009

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge