**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

L. REID,
K. COOPER,
E. CELLA,
T. HAUCKS,
E. PERRY,
D. GALLAGHER,
SGT. BINDER,
C/O VALDEZ,
J. BROWN,
J. SIMS,
E. DICLUSION,
E. MORA,
A. LUNA,
R. WENCL,
J. WERMERS,
R. OLIVETT,
C/O JACKSON,
L. MONTOYA,
C/O BALL,
JOHN DOW,
LT. PAULINO,
C/O RAYMOND,
C/O SANTOS,
SGT. D. SMITH,
C/O WILLIAMS,
CAPTAIN MIKLICH,
LT. MATHEWS,
SGT. OATES,
C/O COLTON,
C/O HAMULA,
C/O WOOLFOLK,
DR. CRANEY, and
NURSE RITA,

    Defendants.

## ORDER DENYING MOTION TO AMEND

This matter is before the Court on Plaintiff's Motion for Leave to Amend Supplemental Complaint (Doc. # 216). The Motion is DENIED.

This is a prisoner civil rights litigation. Plaintiff has alleged numerous claims against numerous Defendants. At this point, Plaintiff's claims and allegations are contained in three operative complaints. Plaintiff named, but did not plead any allegations concerning Defendants Martin, Craney, or Nurse Rita. In an attempt to save his claims against these Defendants from dismissal,[1] Plaintiff filed the instant Motion for Leave seeking to amend his complaints again. Not surprisingly, the instant amendment would add substantial factual allegations against Defendants Martin, Colton, Hamula, Craney, and Nurse Rita that Plaintiff did not describe in the earlier complaints. However, given the late filing date of the Motion and the prejudice that would result to Defendants if the Court granted it, the Court will deny the Motion for Leave.

Plaintiff must seek permission from Defendants or leave of court before amending his pleadings. *See* Fed. R. Civ. P. 15(a). Federal Rule 15 states that, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the decision to grant leave is within the discretion of the district court.

---

[1] The Court recently affirmed the Magistrate Judge's Recommendation (over Plaintiff's objections) to grant in part and deny in part Defendants' dispositive motions. (*See* Doc. # 219.) Among the claims dismissed were all claims against Defendants Martin, Craney, and Nurse Rita.

*See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Moreover, leave is not automatic; delay or bad faith by Plaintiff, and undue prejudice to Defendants constitute some of the reasons justifying denial of leave to amend. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A delay in filing a motion to amend, without more, may be enough to deny leave to amend. *Id.* ("It is well settled in this circuit that untimeliness alone is sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.") (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) and other cases). Leave to amend is especially suspect when the party seeking to amend knows or should have known the facts contained in the proposed amendment at the time he filed the earlier pleadings, but failed to include them in the earlier pleadings. *See Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

In this case, Plaintiff has not received permission to amend his complaints from Defendants. Instead, he filed the Motion for Leave only after the Magistrate Judge had pointed out that Plaintiff did not allege sufficient facts to state a claim against Defendants Martin, Craney, and Nurse Rita. Thus, Plaintiff filed the Motion for Leave on March 26, 2009, roughly six months after Defendants had filed their dispositive motions. (*See* Docs. # 176, 178, 179 & 216.) This delay between filings justifies denial of the Motion to Amend. *See, e.g., Frank*, 3 F.3d at 1366 (denying amendment that came four months after deadline to amend); *see also Jenner v. Zavaras*, 2009 WL 2351615, *2

(10th Cir. July 31, 2009) (denying amendment in prisoner litigation case when motion to amend came five months after defendants had filed a dispositive motion).

In addition to untimeliness, denial of Plaintiff's Motion for Leave is also appropriate because Plaintiff has not offered an explanation for failing to include the allegations he seeks to add via the amendment in the three previous complaints. Moreover, allowing Plaintiff leave to amend would prejudice Defendants Martin, Craney, and Nurse Rita by reintroducing them into this lawsuit after they have been dismissed. *See Jenner*, 2009 WL 2351615 at *2 (denying amendment when motion to amend was filed after magistrate judge had recommended that prisoner-plaintiff's case be dismissed).

Accordingly, the Motion for Leave (Doc. # 216) is DENIED.

DATED:  September   18  , 2009

                                              BY THE COURT:

                                              */s/ Christine M. Arguello*
                                              _____
                                              CHRISTINE M. ARGUELLO
                                              United States District Judge