IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

　　　　Plaintiff,

v.

JAMES BROWN,
JOSEPH SIMS,
ERIC DECLUSION,
EDWARD MORA,
RENEE OLIVETT,
DUANE RAYMOND,
MARK MATTHEWS,
WILLIAM COLTON,
FRANK HAMULA,
HARLAN WOOLFOLK, and
ART GONZALES,

　　　　Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

　　　　This matter is before the Court on Plaintiff's **Motion for Court Order** [Docket No.
230; Filed February 1, 2010] (the "Motion for Discovery") and Plaintiff's **Motion for Court
Order for Physical Examination of Plaintiff** [Docket No. 237; Filed May 7, 2010] (the
"Motion for Examination").  Defendants have responded to both Motions [Docket No. 235,
241].

　　　　Plaintiff alleges that Defendants have not answered his Interrogatories or responded
to his Request for Production of Documents mailed on January 13, 2010.  Since the filing
of the Motion for Discovery, Defendants assert that all of the documents responsive to

Plaintiff's discovery requests have been mailed to Plaintiff. In addition, most of the Defendants have provided answers to the interrogatories. Defense Counsel avers that he is waiting to receive the answers from Defendants Woolford and Raymond and that their interrogatory answers will be sent to Plaintiff as soon as they are received. The remaining Defendants are Mora and Declension. According to counsel, Mora has been deployed in Iraq since June 2009. Counsel has not been able to contact Mora. According to counsel, Defendant Declension is no longer employed by the Colorado Department of Corrections ("CDOC") and his mail has been returned as undeliverable.

Based on counsel's representations as an officer of the court, which I presume to be accurate, it appears that Plaintiff has been provided or will soon be provided all the available discovery requested by him. Moreover, Plaintiff has not filed a response disputing defense counsel's factual representations.[1]

As to the Motion for Examination, although the legal authority for the Motion is unclear, the Court has interpreted the Motion as a request for the Court to assist Plaintiff in securing the testimony and report of an expert in pursuit of his claim regarding his physical well being due to the alleged lack of a sufficient diet. CDOC and Plaintiff's facility have procedures in place at Plaintiff's facility to facilitate an examination by an independent physician **at Plaintiff's expense** for purposes of securing an expert witness to testify on his behalf. *Response* #240.

IT IS HEREBY **ORDERED** that the Motion for Discovery [#230] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Examination [#237] is **GRANTED**

---

[1] Plaintiff also requested an order that a May 10, 2007 tape recording be preserved. Counsel states that the tape has been preserved.

**IN PART** and **DENIED IN PART**. Defendants shall provide access to a physician designated by Plaintiff pursuant to CDOC Administrative Regulation 700-21. *See Docket* #240-1 at § D.2., page 5. The Court **DENIES** Plaintiff's motion to provide a physician at court expense. Plaintiff must both locate and pay for any physician to conduct an "independent" medical examination for the purpose of providing expert testimony in support of Plaintiff's claims.

Dated:  May 24, 2010

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge