IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

JAMES BROWN,
JOSEPH SIMS
ERIC DICLUSION,
EDWARD MORA,
RENEE OLIVETT,
DUANE RAYMOND,
MARK MATTHEWS,
WILLIAM COLTON,
FRANK HAMULA
HARLAN WOOLFOLK, and
ART GONZALES,

    Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Motion for Summary Judgment** [Docket No. 246; Filed June 1, 2010] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C(3), the Motion has been referred to this Court for a Recommendation. The Motion seeks summary judgment on Plaintiff's claim of excessive force against Defendants Brown, Sims, Diclusion, and Raymond. Plaintiff, who is proceeding *pro se*, filed a Response to Defendants' Motion for Summary Judgment on June 11, 2010 [Docket No. 248] (the "Response"). Having considered the pleadings and the

1

docket in this case, the Court is fully advised of the issues. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

## I.     Factual Background

On June 27, 2006, Plaintiff filed a federal lawsuit pursuant to 42 U.S.C. § 1983 to address the conditions of his incarceration in Canon City, Colorado at the Colorado State Penitentiary ("CSP"), which is a facility within the Colorado Department of Corrections ("CDOC"). *Complaint* [#3] at 2. Plaintiff's first claim of excessive force alleges that during his time in E-Unit, which appears to be from January 27, 2004 to July 20, 2004, Defendants Brown, Sims, and Diclusion violated his Eighth Amendment rights by threatening Plaintiff with death if he filed a grievance against E-unit staff. *Complaint* [#3] ¶¶ 63-64 at 21. Plaintiff alleges that Defendants Brown, Sims, and Diclusion harassed him, uttered racial slurs against him, and that he was "constantly punched in the kidneys, liver and back of his head, kicked, spit on, had shower door slammed on his legs and arms, [and] his food trays . . . slammed into his stomach through the tray slot . . . ." *Id.* "[A]ll three defendants [Brown, Sims, and Diclusion] unnecessarily and wantonly inflicted pain on Plaintiff for no penological purpose other than to maliciously and sadistically cause harm, pain and suffering." *Id.*

The claim of excessive force against Defendant Raymond alleges that on July 2, 2006, Plaintiff stepped out of his cell for a pat search and escort to the showers. *Supplemental Complaint* [#9] ¶ 3 at 2. According to Plaintiff, Defendant Raymond stood in front of him to conduct a pre-shower pat search, but proceeded to use excessive force to batter Plaintiff with a closed fist on his right side. *Id.* Plaintiff alleges that Defendant

Raymond intentionally inflicted pain and excessive force which was retaliatory, malicious, sadistic, and "served no penological purpose other than to cause Plaintiff severe harm, injury, pain and suffering." *Id.*

Defendants move for summary judgment in their favor regarding Plaintiff's excessive force claims against Defendants Brown, Sims, Diclusion, and Raymond for failure to exhaust his administrative remedies. Plaintiff does not dispute that he technically failed to exhaust. *See Response* [#248] at 2-5. Reading his complaint liberally, Plaintiff instead provides two rationales for his failure to exhaust: (1) discretionary and mandatory grievance filing restrictions placed on Plaintiff under the CDOC Administrative Regulations ("AR") 850-4 precluded him from exhausting his administrative remedies; and (2) Plaintiff was deterred from exhausting his administrative remedies because of threats of bodily harm or death, and actual physical harm inflicted by Defendants. *Id.* at 2, 5.

## II.    Standard of Review

Because I agree that the Motion can be resolved on the issue of exhaustion, I review the evidence pursuant to the standards for entering summary judgment under Fed. R. Civ. P. 56. *See Ercanbrack v. Washington Country*, No. 2:07-cv-663, 2009 WL 559831, at *3 (10th Cir. Mar. 3, 2009) (unpublished decision); *see also Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199, 210-12 (2007). Summary judgment is proper when the record before the court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if the outcome could be decided in favor of either party. *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it could reasonably affect the outcome

of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the movant does not bear the ultimate burden at trial, as is the case here, he need only satisfy the initial burden of demonstrating the absence of evidence to support the nonmovant's case. *In re Ribozyme Pharm. Inc. Sec. Litig.*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show the existence of a genuine dispute of a material issue. The nonmoving party must go beyond the allegations in his pleading and provide "specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To satisfy his burden of providing specific facts, the nonmoving party must tender affidavits or other competent evidence. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The factual record and inferences therefrom are generally viewed in the light most favorable to the nonmoving party. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). However, to be entitled to preferential review, the nonmoving party must respond to the Motion for Summary Judgment. "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's]

complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to his excessive force claims against Defendants Brown, Sims, Diclusion, and Raymond and is barred from bringing suit pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. While Plaintiff does not dispute that he failed to exhaust, he argues that he should be excused from the PLRA's exhaustion requirement. *See Response* [#248] at 2-5.

42 U.S.C. § 1997e requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions in federal court. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences.") Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 210-12; *Woodford v. Ngo,* 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") However, the burden is not on Plaintiff to sufficiently

5

plead exhaustion or attach exhibits proving exhaustion in his Complaint. *Jones*, 549 U.S. at 215. Rather, the burden is on Defendants to assert a failure to exhaust in their dispositive motion. As such, if the evidence presented does not create a genuine issue in Plaintiff's favor as to whether his remaining claim was properly exhausted, the Complaint must be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 & n.1 (D. Kan. Apr. 16, 2008) (unpublished decision) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)).

The prison facility has the responsibility to establish grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirement, not the PLRA, that define the boundaries of proper exhaustion.") "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Baldauf v. Garoutte*, No. 03-cv-01104, 2007 WL 2697445, at *4 (D. Colo. Sept. 11, 2007) (citation omitted) (unpublished decision). CDOC has a three-step grievance process. *Motion* [#236-1] at 5 (citing Administrative Regulation ("AR") 850-04). Prisoners may grieve a broad range of complaints ranging from policies and conditions within the institution that affect the offender personally to actions by employees and offenders against the offender personally. AR 850-04(B)(3). However, each grievance is limited to addressing only one complaint and must include a description of the relief requested. AR 850-04(E)(1).

Plaintiff does not provide the Court with any dates in conjunction with the First Claim of alleged excessive force against Defendants Brown, Sims, and Diclusion. *See Complaint* [#3] at 21; *Response* [#248] at 2-5. He provides only the date he arrived at E-Unit in January 2004. *Complaint* [#3] at 21. Moreover, there is no grievance on record in relation

to an alleged excessive force violation by Defendants Brown, Sims, and Diclusion. *Affidavit* [#246-2]. Defendants have provided all of the grievances that Plaintiff filed and assert that Plaintiff never filed a single a grievance in relation to this claim. *Id.* The only grievance Plaintiff filed in relation to a January 2004 incident concerned difficulties Plaintiff had in obtaining proper prescription eye-wear from prison staff who are not parties to the Motion pending in this case. *Id.*; Doc. [#246-5].

I find that Defendants have met their initial burden of demonstrating the absence of evidence that Plaintiff satisfied the PLRA exhaustion requirement. The burden therefore shifts to Plaintiff to show the existence of a genuine dispute as to whether his claim should be deemed to be exhausted or his failure to exhaust be excused. Plaintiff did not use his Response as an opportunity to provide any competent evidence that would suggest that he did exhaust. As required by the PLRA, Plaintiff failed to exhaust his administrative remedies in regard to his excessive force claim against Defendants Brown, Sims, and Diclusion.

As to the claim of excessive force against Defendant Raymond, Plaintiff filed a Step One grievance (CS 06/07-070) on July 26, 2006. *Motion* [#246-3]. The grievance's reference to Defendant Raymond is indirect. "On 7-24-06 at 3PM Lt. Pryor informed me that she had reviewed unit video and clearly showed me striking C/O Santos and C/O Raymond [sic] never punching me." *Id.* This grievance listed at least three other complaints against CSP staff and was therefore denied for violating AR 850-4(B)(3). *Id.* There is no evidence in the record that Plaintiff filed another grievance in relation to the alleged July 2, 2004 punch by Defendant Raymond, and Plaintiff does not provide any competent evidence that would suggest otherwise. Therefore, Plaintiff failed to exhaust his

7

administrative remedies regarding his claim of excessive force against Defendant Raymond.

Because he does not dispute his failure to exhaust, Plaintiff offers two rationalizations to excuse his failure. *See Response* [#248] at 2. Plaintiff's first rationalization is that because the CSP warden did not lift the mandatory thirty-day time limit for filing grievances, Plaintiff should be excused from the PLRA's exhaustion requirement. *Id.* Plaintiff also argues that his failure to exhaust should be excused because Plaintiff had a discretionary limitation of filing one grievance per month placed against him, and Defendants committed multiple constitutional violations in a month that Plaintiff could not grieve. *Id.*

An inmate must appeal his grievance through all available channels to fully exhaust his administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.") Further, the PLRA's exhaustion requirement applies to all inmate suits about prison life. *Porter,* 534 U.S. at 532. Even where the "available" remedies would appear to be futile to provide the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Jernigan*, 304 F.3d at 1032 (citing *Booth v. Churner,* 532 U.S. 731, 740 (2001)). If a grievance procedure is available, then a prisoner must avail himself of it. *Booth,* 532 U.S. at 741; *Fields*, 511 F.3d at 1112. There, is however, a recognized exception to the requirement to exhaust when an inmate has been prevented from filing a grievance or the facility refused to answer a grievance. *Jernigan*, 304 F.3d at 1032.

CDOC Step One grievances must be filed no later than thirty calendar days after the

date the offender knew, or should have known, of the facts giving rise to the grievance. AR 850-04(IV)(I). CDOC has the discretion to place filing limitations on prisoners who file multiple, frivolous grievances in a short period of time. AR 850-04(IV)(C). Plaintiff alleges that the warden did not lift the mandatory thirty-day restriction because Plaintiff's past grievances had "no-proof, no evidence." *Response* [#248] at 2. The fact that the warden did not lift the mandatory restriction or that Plaintiff had a discretionary filing limitation placed against him is not a valid excuse for failure to exhaust, as it is the prison's grievances procedures, not the PLRA, that a prisoner must conform with in order to properly exhaust. *Jones,* 549 U.S. at 218; *Sharp v. Geo Group*, No. CIV-09-149-W, 2010 WL 299163, at *1 (W.D. Okla. Jan. 21, 2010) (unpublished decision).

The Court also rejects Plaintiff's second rationalization that he was deterred from exhausting his administrative remedies with threats of bodily harm or death, and actual physical harm inflicted by Defendants. *Id.* at 5. "It is highly questionable whether threats of retaliation could in any circumstances excuse the failure to exhaust administrative remedies." *Campbell v. Okla. County Det. Ctr.*, No. CIV-07-747-C, 2008 WL 490619, at *5 (W.D. Okla. Feb. 21, 2008) (unpublished decision). However, it is well established that prison officials may not actually harass or retaliate against an inmate for exercising his right to grieve complaints in the prison or the courts. *See Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). Courts are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

Plaintiff alleges that Defendants Brown, Sims, and Diclusion threatened him with death if he filed a grievance against staff in E-Unit. *Complaint* [#3] at 21. Because threats

of retaliation will not excuse a failure to exhaust administrative remedies, I look to whether Plaintiff's allegations of actual physical harm will suffice as an excuse. For the purposes of summary judgment, Plaintiff does not provide any competent evidence that support his allegations of physical harm. His Response does no more than reiterate that "Defendants began to harass Plaintiff and once they instilled fear, they then began inflicting excruciating pain on him to deter his grievance procedures and hinder his legal proceedings." *Response* [#248] at 5.

Examining the exhaustion issue regarding the excessive force claims against Defendants Brown, Sims, Diclusion, and Raymond, the record is clear that Plaintiff's exhaustion efforts were not precluded by the action or inaction of prison officials. In support of his contention, Plaintiff has merely repeated allegations of the same conduct already alleged in the Complaint. The Court therefore finds that Plaintiff has failed to provide competent evidence for the Court to find an exception to the PLRA's exhaustion requirement. Plaintiff failed to exhaust his administrative remedies regarding the conduct at issue here.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendants' Motion [#246] be **GRANTED** and summary judgment entered in favor of Defendants Brown, Sims, Diclusion, and Raymond, and that Plaintiff's claim against them be dismissed without prejudice.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: August 10, 2010

                                                BY THE COURT:
                                                /s/ Kristen L. Mix
                                                U.S. Magistrate Judge
                                                Kristen L. Mix