IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

Plaintiff,

v.

JAMES BROWN,
JOSEPH SIMS,
ERIC DECLUSION,
EDWARD MORA,
RENEE OLIVETT,
DUANE RAYMOND,
MARK MATTHEWS,
WILLIAM COLTON,
FRANK HAMULA,
HARLAN WOOLFOLK, and
ART GONZALES.

Defendants.

_____

**ORDER AFFIRMING AND ADOPTING AUGUST 10, 2010 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING WITHOUT PREJUDICE DEFENDANT ART GONZALES FROM THE ACTION**
_____

This matter is before the Court on United States Magistrate Judge Kristen L. Mix's August 10, 2010 Recommendation (Doc. # 249) that this Court grant Defendants' Motion for Summary Judgment (Doc. # 246). On September 2, 2010, Plaintiff filed an Opposition to the Magistrate Judge's Recommendation. (Doc. # 254.) After reviewing the Magistrate Judge's Recommendation *de novo*, see FED. R. CIV. P. 72(b)(3), the Court affirms and adopts the Recommendation.

## I. PROCEDURAL BACKGROUND

This action arises out of various events that allegedly transpired during the course of *pro se* prisoner Plaintiff Jose Medina Escobar's detention at his prior corrections facility, the Colorado State Penitentiary.[1]

Since the inception of this 42 U.S.C. § 1983 action, *pro se* prisoner Plaintiff Jose Medina Escobar filed three supplemental complaints, in addition to his original complaint, and asserted a total of seven claims concerning constitutional violations against the above-captioned Defendants and/or other defendants who have since been dismissed from this action. (*See* Doc. ## 3, 8, 9, and 33.) Plaintiff's seven claims for relief can be summarized as follows:

- Claim 1: Eighth Amendment violation for cruel and unusual punishment arising from excessive use of force against Defendants L. Reid, K. Cooper, E. Cella, T. Hauks, E. Perry, D. Gallagher, Sgt. Binder, C/O Valdez, James Brown, Joseph Sims, Eric Declusion, A. Luna, C/O Jackson, and L. Montoya; and denial of a nutritionally adequate diet against Defendants Edward Mora and Renee Olivett;

- Claim 2: Eighth Amendment violation for deliberate indifference to medical needs against Defendants R. Wencl and J. Wermers;

---

[1] On September 10, 2010, Plaintiff was transferred from the Colorado State Penitentiary to the Centennial Correctional Facility. (*See* Doc. # 257.) None of the claims in this action concern events or conduct at Plaintiff's new facility.

- <u>Claim 3</u>:  Eighth Amendment violation for cruel and unusual punishment in retaliation for Plaintiff's legal activities against Defendants L. Reid, K. Cooper, E. Cella, T. Haucks, and E. Perry;
- <u>Claim 4</u>:  Due process violations in retaliation for Plaintiff's legal activities against Defendants K. Cooper, T. Haucks, and E. Perry;
- <u>Claim 5</u>:  First and Eighth Amendment violations for retaliatory acts and denial of medical treatment against Defendants Lt. Paulino, Lt. Conway (f/k/a John Doe), C/O Desantos (f/k/a C/O Santos), C/O Duane Raymond, Sgt. D. Smith, C/O Williams, and C/O Ball;
- <u>Claim 6</u>:  Eighth Amendment violation for cruel and unusual punishment arising from excessive use of force against Defendants C/O Raymond and Sgt. Art Gonzales; and
- <u>Claim 7</u>:  Eighth Amendment violation for cruel and unusual punishment against Defendants Mark Matthews, Frank Hamula, William Colton, Miklich, Harlan Woolfolk, and Reid.

All current and former Defendants are or were Colorado Department of Corrections employees during their involvement in this case.

On September 17, 2009, the Court affirmed and adopted a February 9, 2009 Recommendation of United States Magistrate Judge Kristen L. Mix and dismissed several of Plaintiff's claims in whole or in part.  (Doc. # 219.)  Pursuant to that September 17, 2009 Order, the following claims remain:

3

- Claim 1: Eighth Amendment violation for cruel and unusual punishment arising from excessive use of force during a January 17, 2004 incident against Defendants J. Brown, J. Sims, and E. Declusion; and denial of a nutritionally adequate diet against Defendants E. Mora and R. Olivett;

- Claim 6: Eighth Amendment violation for cruel and unusual punishment arising from excessive use of force during a July 2, 2006 incident against Defendant C/O Raymond and during incidents spanning from November 13, 2005 through January 18, 2006 against Sgt. Gonzales; and

- Claim 7: Eighth Amendment violation for cruel and unusual punishment arising from excessive use of force against Defendants Matthews, Hamula, and Colton; and failure to intervene and protect against Defendant Woolfolk.

On June 1, 2010, Defendants James Brown, Joseph Sims, Eric Declusion, Edwardo Mora, Renee Olivett, Duane Raymond, Mark Matthews, William Colton, Frank Hamula, and Harlan Woolfolk filed a Motion for Summary Judgment in connection with Plaintiff's first claim for relief against Defendants Brown, Sims, and Declusion,[2] and Plaintiff's sixth claim for relief against Defendants Raymond. (Doc. # 246.) Plaintiff responded on June 11, 2010. (Doc. # 248.) Defendants did not file a reply. On August 10, 2010, Magistrate Judge Mix issued the instant Recommendation. (Doc. # 249.)

---

[2] Defendants' Motion does not extend to Plaintiff's first claim for relief against Defendants Mora and Olivett, or to Plaintiff's remaining seventh claim for relief.

Plaintiff requested an extension of time to file objections to the Recommendation (Doc. # 250), which the Court granted on August 23, 2010. (Doc. # 251.) Plaintiff timely filed his Objections and a supporting Affidavit on September 2, 2010. (Doc. ## 254 and 255.)

In recommending summary judgment in Defendants' favor on both of Plaintiff's First and Sixth claims of relief, the Magistrate Judge correctly concluded that Plaintiff failed to exhaust his administrative remedies, as required under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Doc. # 249 at 10.) While Plaintiff does not dispute that he failed to exhaust, he maintains that he should be excused from the exhaustion requirement because: (1) he exhausted all administrative remedies made available to him; and (2) his failure to exhaust was a result of the actions of Defendants' Brown, Sims, Declusion and Raymond, and/or their agents, which actions hindered Plaintiff's ability to file grievances. (Doc. # 254 at 3-4.) Having reviewed the record before the Court and the applicable case law, the Court agrees that Plaintiff failed to exhaust and that no exceptions to the exhaustion requirement apply.

## II. STANDARD OF REVIEW

### A. RECOMMENDATION OF MAGISTRATE JUDGE

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). An objection is properly made if it is both timely

and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is timely if made within 14 days after the magistrate judge issues his recommendation. *Id.* An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

**B.    *PRO SE* PLAINTIFF**

As noted above, Plaintiff is proceeding *pro se.* The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or theory on [his or her] behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at

1110). Additionally, the plaintiff's *pro se* status does not entitle him or her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III. ANALYSIS

### A. PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Under the PLRA, a plaintiff must exhaust the available administrative remedies before filing an action in federal court challenging prison conditions, under 42 U.S.C. § 1983. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). There are specific filing requirements for prisoners seeking to file civil actions regarding prison conditions, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong. *Porter v. Nussle,* 534 U.S. 516, 532 (2002). A prisoner must satisfy this exhaustion requirement even where the "available" remedies would appear to be futile in providing the kind of remedy sought. *Jernigan,* 304 F.3d at 1032 (citing *Booth v. Churner,* 532 U.S. 731, 740 (2001)). If a grievance procedure is available, then a prisoner must avail himself of it. *Booth,* 532 U.S. at 741. An inmate who begins the grievance process but does not complete it is not allowed to pursue a claim under the PLRA for failure to exhaust his administrative remedies. *Jernigan*, 304 F.3d at 1032.

Colorado Department of Corrections' ("CDOC") Administrative Rule ("AR") 850-04(IV)(I), requires that Step One grievances must be filed no later than thirty calendar days after the date the prisoner knew, or should have known, of the facts giving rise to the grievances. In the instant case, Defendants assert that Claim 1 and Claim 6 are

precluded because he did not exhaust his administrative remedies, *i.e.*, Plaintiff never filed a grievance in relation to the alleged January 17, 2004 incident for excessive force by Defendants Brown, Sims, and Declusion, and Plaintiff failed to complete the grievance process with respect to the July 2, 2006 incident involving Defendant Raymond. In support of their assertions, Defendants have provided the Court with copies of all the grievances that Plaintiff filed within the time frame of these two incidents. (Doc. # 246-2.)

Plaintiff does not dispute that he failed to exhaust his administrative remedies. Rather, Plaintiff asserts that he should be excused from having to exhaust his administrative remedies because he was precluded from filing a grievance due to imposed grievance-filing limitations and he was threatened with bodily harm or death if he filed any grievances. The Court will address, in turn, each of Plaintiff's arguments with respect to Claim 1 and Claim 6.

  1. <u>Whether Imposition of Grievance Filing Limitations Excuses Plaintiff's Failure to Exhaust Administrative Remedies</u>

Plaintiff asserts that he should be excused from the PLRA's exhaustion requirement because he was limited to filing one grievance a month and the facility refused to lift a mandatory thirty-day time limit for filing grievances. This filing limitation was imposed because of Plaintiff's excessive filing of grievances which were not substantiated by proof or evidence. (*Response,* Doc. # 248 at 2; *see also Objections,* Doc. # 254 at 3 and 5.)

A prison facility's grievance filing procedures, including filing restrictions, are not a valid excuse for failing to comply with the exhaustion of administrative remedies requirement. It is the prison's grievance procedures, not the PLRA, with which a prisoner must conform in order to properly exhaust. *Jones v. Bock,* 549 U.S. 199, 218 (2007); *Sharp v. Geo Group,* No. 09-149-W, 2010 WL 299163, at *1 (W.D. Okla. Jan. 21, 2010) (unpublished); *see also Tillery v. Tran,* No. 6:09-cv-951, 2010 WL 1838062, at *4 (M.D. Fla. May 4, 2010) (unpublished) (finding that the plaintiff's informal letter of complaint to the Department of Corrections did not serve as a notice of appeal from previously unfiled grievances). However, in order to effectively manage itself, a prison facility may impose reasonable conditions and restrictions upon prisoners, and courts should ordinarily defer to a facility's judgment. *Bell v. Wolfish,* 441 U.S. 520, 540 (1979).

Plaintiff maintains that Defendants' actions "severely impeded" his ability to exhaust remedies and, thus, he was forced to submit informal grievances to state officials.

With respect to Claim 1 which alleges use of excessive force relating to the January 17, 2004 incident, the Court notes that, despite the grievance filing limitations, on February 10, 2004, Plaintiff filed a grievance entitled "bogus chrons by Nurse Lore & med refusal by Nurse Peggy." This grievance appears to relate to incidents that took place on or about January 7 and January 27, 2004. The complained of conduct in this grievance appears to be much less severe than the alleged use of excessive force

which Plaintiff alleges in Claim 1.  Nonetheless, Plaintiff chose to file a grievance against these two nurses and forego filing a grievance against Defendants Brown, Sims, and Declusion for alleged use of excessive force.  (*See* Doc. # 246-5.)  Thus, the Court finds that these facts do not excuse Plaintiff's failure to exhaust his administrative remedies with respect to his first claim for relief against Defendants Brown, Sims, and Declusion.

In Claim 6, Plaintiff alleges that on July 2, 2006, he had a physical altercation with Defendant Raymond.  The record demonstrates that, on July 26, 2006, Plaintiff filed a Step One grievance.  Although the grievance does not explicitly identify the July 2, 2006 incident, it does allude to a video showing Plaintiff "striking C/O Santos and C/O Raymond never punching me."  (*See* Doc. # 246-3.)  Because this grievance also included at least three other problems, issues, or complaints, Plaintiff's Step One grievance was denied for violating CDOC AR 850-4(E)(1)[3] which requires that each grievance address only one problem or complaint and include a description of the relief requested.  In the denial, Plaintiff was expressly advised that if he was "dissatisfied with the response to this grievance, [he] may obtain further review by submitting the next step to the appropriate individual."  (*See* Doc. # 246-3.)  Plaintiff did not produce any evidence or documentation to counter Defendants' evidence and there is nothing in the record demonstrating that Plaintiff filed a Step 2 grievance or a new or amended

---

[3]  The Court notes that the Magistrate Judge inadvertently cited to AR 850-4(E)(1) as AR 850-4(B)(3)(a) in her Recommendation.  This inadvertent error does not affect the Court's analysis of the pending matter.

grievance with respect to this alleged July 2, 2006 incident. The Court finds that these facts do not excuse Plaintiff's failure to exhaust his administrative remedies with respect to his sixth claim for relief against Defendant Raymond.

### 2. Whether Alleged Retaliation Excuses Failure To Exhaust

It is well established that prison officials may not harass or retaliate against an inmate for exercising his right to grieve complaints in the prison or the courts. *See Penrod v. Zavaras,* 94 F.3d 1399, 1404 (10th Cir. 1996). The Tenth Circuit has recognized that "[w]here prison officials prevent or thwart a prisoner from utilizing an administrative remedy, they have rendered that remedy 'unavailable' and a court will deem that procedure 'exhausted.'" *Hoover v. West*, 93 F. App'x 177, 181 (10th Cir. Feb. 19, 2004) (unpublished). It is this Court's obligation to ensure that any defects in the Plaintiff's exhaustion of administrative remedies were not procured as a result of the action or inaction of prison officials. *Aquilar-Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007).

Plaintiff alleges that Defendants Brown, Sims, and Diclusion threatened him with death if he filed a grievance against staff in E-Unit. (*Complaint*, Doc. # 3 at 21.) However, in his Complaint, Plaintiff provides only conclusory allegations that he was threatened with death or physical harm if he filed any grievances. In his Response, Plaintiff does no more than repeat allegations of the same conduct already alleged in the Complaint, *i.e.*, that "Defendants began to harass Plaintiff and once they instilled fear, they then began inflicting excruciating pain on him to deter his grievance

11

procedures and hinder his legal proceedings." (Response, Doc. # 248 at 5.) Similarly, in his objection to the Magistrate Judge's Report and Recommendation, Plaintiff once again generally and vaguely asserts that his failure to exhaust should be excused because he was threatened with bodily harm or death and was actually physically harmed by Defendants. (Objections, Doc. # 254 at 5.) In short, despite being given three opportunities to do so, Plaintiff provides no specifics regarding the "who, what, when, and where" of these alleged threats. Although Plaintiff alleges that he suffered physical harm, he fails to present any evidence of or documentation concerning medical treatment for any physical harm arising from retaliatory abuse.

Plaintiff's conclusory allegations, standing alone, do not create a genuine issue of material fact. *See Thomas v. Bureau of Prisons*, 282 F. App'x 701, 704 (10th Cir. June 24, 2008) (unpublished) (holding that a prisoner's "conclusory and self-serving statements" regarding his inability to follow prison grievance procedures were insufficient to create a genuine issue of material fact); *White v. Tharp*, No. 06-cv-01179, 2008 WL 596156, at *10 (D. Colo. Feb. 29, 2008) (unpublished) (finding that a prisoner's "unsupported conclusory allegations" that prison officials obstructed his attempt to use the administrative process were insufficient to create a genuine issue of material fact); *see Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (explaining that "merely conclusory" affidavits, which do not provide any factual basis for a plaintiff's conclusion, cannot defeat summary judgment); *Wallin v. Dycus*, No. 03-cv-00174, 2009 WL 2490127, at *5 (D. Colo. Aug. 13, 2009) (unpublished)

("In contrast to Plaintiff's objection, he cannot defeat a motion for summary judgment by standing on his own unsupported, self-serving allegations.").

Moreover, Plaintiff's assertion that he was afraid to file any grievances as a result of Defendants' threats of retaliation is not supported by the record in this case. As discussed in Section III.A.1 above, despite the filing restrictions imposed on him, Plaintiff continued to file grievances against Defendants. Plaintiff admits that he "has never been shy to file grievance procedures evidenced by the numerous grievances he's filed on all defendants." (Objections, Doc. # 254 at 3.) In fact, Plaintiff filed so many unsubstantiated grievances that restrictions had to be placed on the number of grievances he could file each month.

For these reasons, the Court finds that Plaintiff failed to exhaust his administrative remedies regarding the conduct at issue in both Claims 1 and 6 and that Plaintiff has failed to establish that Defendants prevented him from utilizing an administrative remedy.

## IV.   CONCLUSION

Accordingly, IT IS ORDERED THAT:

1. The August 10, 2010 Recommendation of the United States Magistrate Judge Kristen L. Mix (Doc. # 249) is AFFIRMED and ADOPTED;

2. Defendants' Motion for Summary Judgment (Doc. # 246) is hereby GRANTED and

a. Plaintiff's First Claim against Defendants James Brown, Joseph Sims, and Eric Declusion for Eighth Amendment violations arising from a January 17, 2004 incident is DISMISSED WITHOUT PREJUDICE.

b. Plaintiff's Sixth Claim against Defendant Duane Raymond for Eighth Amendment violations arising from a July 2, 2006 incident is DISMISSED WITHOUT PREJUDICE.

DATED:  December   16  , 2010

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge