IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

EDWARD MORA,
RENEE OLIVETT,
MARK MATTHEWS,
WILLIAM COLTON,
FRANK HAMULA, and
HARLAN WOOLFOLK,

    Defendants.

_____

**ORDER AFFIRMING AND ADOPTING JANUARY 7, 2011 ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND AFFIRMING JANUARY 31, 2011 MINUTE ORDER OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on *pro se* prisoner Plaintiff Jose Medina Escobar's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. # 265) ("Plaintiff's Motion for Injunctive Relief"). The Motion was referred to Magistrate Judge Kristen L. Mix for a Recommendation by Order of Reference dated October 27, 2010. (Doc. # 266.) Magistrate Judge Mix issued an Order and Recommendation on January 7, 2011 ("January 7 Recommendation"), that Plaintiff's Motion for Injunctive Relief be denied. (Doc. # 276 at 1, 12.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

This matter is also before the Court on Plaintiff's "Motion in Opposition to Magistrates Mix [sic] Denial of of [sic] His Motion for all Legal Mail at Court Expense, Sent to Him From 12-24-10 to 1-19-11 which the Facility CCF Refused to Furnish Him With" (Doc. # 294) ("Plaintiff's Objection to Magistrate Judge Mix's January 31 Minute Order").

For the reasons discussed below, Magistrate Judge Mix's Recommendation (Doc. # 276) is affirmed and adopted, Plaintiff's Motion for Injunctive Relief (Doc. # 265) is denied, and Plaintiff's Objection to Magistrate Judge Mix's January 31 Minute Order (Doc. # 294) is overruled.

## I. STANDARDS OF REVIEW

### A. REVIEW OF A MAGISTRATE JUDGE'S DECISION

When a magistrate judge issues a recommendation on a motion for injunctive relief, 28 U.S.C. § 636(b)(1)(B) requires that the district judge "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where no party files proper objections to a recommendation, the Court may review the recommendation for clear error. *See* Fed. R. Civ. P. 72, Advisory Committee Notes (1983 Addition) (citation omitted); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (when there are no objections to a magistrate's recommendation, the court applies whatever standard of review that it deems appropriate). Pursuant to Fed. R. Civ. P. 72(a), when a magistrate judge issues orders on non-dispositive matters, such as Magistrate Judge Mix's January

31 Minute Order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."

An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). An objection is timely if made within 14 days after being served a copy of the Recommendation. Fed. R. Civ. P. 72(B)(2). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

## B.     PLAINTIFF'S *PRO SE* STATUS

Because Plaintiff is proceeding *pro se,* the Court, "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II.  ANALYSIS

## A.     MAGISTRATE JUDGE MIX'S JANUARY 7 RECOMMENDATION

The January 7 Recommendation duly advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 276 at 12.) Accordingly, pursuant to Fed. R. Civ. P. 72(b)(2)

and Fed. R. Civ. P. 6(d),[1] any objections to the January 7 Recommendation would have been due January 24, 2011. Plaintiff has failed to file any timely objections; therefore, the Court has reviewed the January 7 Recommendation under a clear error standard.

In his Motion for Injunctive Relief, Plaintiff seeks a temporary restraining order or preliminary injunction to (1) "restrain the previous, present, and additional Defendants, and their agents, relatives, friends, and/or their co-workers in Plaintiff's civil actions who have/are causing him on a daily basis the unnecessary and wanton infliction of pain and suffering in retaliation for Plaintiff's administrative grievances and lawsuits," and (2) obtain a "transfer [ ] from the [Colorado Department of Corrections] to a penal system safe, free from previous/present Defendants and [Colorado] inmate enemies that can do him harm." (Doc. # 265 at 1, 10.)[2]

Having reviewed the January 7 Recommendation and the applicable authority, the Court is of the opinion that the findings and conclusions of Magistrate Judge Mix are correct. As Magistrate Judge Mix duly notes, a party requesting injunctive relief must clearly establish the following: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be

---

[1] "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) [*i.e.*, by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Because Plaintiff is *pro se*, the January 7 Recommendation was served by mail.

[2] The factual basis for Plaintiff's Motion for Injunctive Relief is more thoroughly set forth in the January 7 Recommendation.

4

adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Although Plaintiff asserts that he will suffer irreparable harm from Defendants' alleged failure to provide adequate medical treatment for an eyelid muscle disorder and threatened future physical injury by Defendants and other inmates, the Court concurs with Magistrate Judge Mix's assessment that Plaintiff has failed to establish that he will suffer irreparable harm; Plaintiff has not established that Defendants are providing inadequate treatment and that future physical injury by Defendants and other inmates is imminent. Accordingly, Magistrate Judge Mix's January 7 Recommendation (Doc. # 276) is affirmed and adopted and Plaintiff's Motion for Injunctive Relief (Doc. #2 65) is denied.

## B.     MAGISTRATE JUDGE MIX'S JANUARY 31 MINUTE ORDER

On January 31, 2011, Magistrate Judge Mix issued a Minute Order granting Plaintiff's previously-filed Motion for Court to Furnish Plaintiff With All Legal Pleadings, Orders, etc. Returned to the Court Since December 23, 2010 by this Facility (Doc. # 288) ("Motion for Furnishing of Legal Papers"), and denying Plaintiff's separately-filed request for a "new packet of §1983 forms to start over [his] civil rights complaint and to amend [his] recently submitted complaint[.]" (Doc. # 289.)  In granting Plaintiff's Motion for Furnishing of Legal Papers, Magistrate Judge Mix noted inconsistencies between Plaintiff's assertions that his prison facility returned all his mail to the Court between December 24, 2010 and January 19, 2011, and a notice filed by the prison facility that Plaintiff refused to accept or sign for legal mail from the Court.  (Doc. # 291 at 1.) Despite the noted inconsistencies, Magistrate Judge Mix ordered the Clerk of Court to

mail a copy of the only order that was returned as undeliverable to Plaintiff, namely the Court's Order and Recommendation on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. # 276). (*Id.*) In denying Plaintiff's request for a new packet of § 1983 forms, Magistrate Judge Mix noted that the request failed to comport with the Court's Local Rules and Plaintiff was not entitled to unlimited cost-free copies and forms. (*Id.* at 2).

In objecting to Magistrate Judge Mix's January 31 Minute Order, Plaintiff misconstrues the extent of the Minute Order; he mistakenly asserts that Magistrate Judge Mix denied his request. (Doc. # 294 at 1.) Additionally, he baselessly contends that a "severe conflict of interest" exists "between the court and himself," as a result of his filing various complaints. (*Id.*) Though Plaintiff notes Magistrate Judge Mix's denial of his request for a packet of legal forms, he does not articulate any specific objections to her decision.

Because Magistrate Judge Mix's January 31 Minute Order concerns non-dispositive matters, the Court reviews the Order for clear error; finding none, the January 31 Minute Order is affirmed and Plaintiff's objections are overruled.

### III. CONCLUSION

Accordingly, based on the foregoing, IT IS ORDERED THAT:

(1) The January 7, 2011 Order and Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 276) is AFFIRMED and ADOPTED;

(2) Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. # 265) is DENIED;

(3) Plaintiff's Motion in Opposition to Magistrates Mix [sic] Denial of of [sic] His Motion for all Legal Mail at Court Expense, Sent to Him From 12-24-10 to 1-19-11 which the Facility CCF Refused to Furnish Him With (Doc. # 294) is DENIED; and

(4) The January 31, 2011 Minute Order issued by Magistrate Judge Mix (Doc. # 291) is AFFIRMED.

DATED:  February   09  , 2011

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge