**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

     Plaintiff,

v.

EDWARD MORA,
RENEE OLIVETT,
MARK MATTHEWS,
WILLIAM COLTON,
FRANK HAMULA, and
HARLAN WOOLFOLK,

     Defendants.

---

## ORDER DENYING MOTION TO RECUSE MAGISTRATE AND TRIAL JUDGE

---

This matter is before the Court on a Motion to Recuse Magistrate and Trial Judge filed by *pro se* prisoner Plaintiff, Jose Medina Escobar.  (Doc. # 310.)  For the following reasons, Plaintiff's Motion is denied.

On April 11, 2011, Plaintiff filed the instant Motion to Recuse Magistrate and Trial Judge.  In support of his Motion, Plaintiff lodges numerous disrespectful, baseless, and outlandish allegations against United States Magistrate Judge Kristen L. Mix.[1] As examples, Plaintiff contends that Magistrate Judge Mix "has allowed her bias and

---

[1]   On August 3, 2007, Magistrate Judge Mix was assigned to this case to handle all non-dispositive pre-trial matters, pursuant to 28 U.S.C. § 636(b)(1)(A), and issue recommendations on dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. # 42.)

prejudice, hostilities, gender and racial discrimination for Plaintiff to interfere in her

discretionary duties and has caused Plaintiff irreparable injury due to her nonfeasance

and has influenced United States District Court Trial Judge C.M. Arguello." (Doc. # 310

at 2.)  Plaintiff baselessly asserts that Magistrate Judge Mix's bias and prejudice arise

from her "personal acquaintance[ ]" with numerous high ranking Colorado State

Penitentiary officials and have resulted in decisions issued in favor of Defendants and

against Plaintiff.  (*Id.* at 1.)  However, Plaintiff's supposition and conclusory allegations

are insufficient bases for recusal.

Although Plaintiff fails to identify under what rule or statute he seeks recusal, the

Court will construe his Motion under 28 U.S.C. §§ 144 and 455.  Title 28 U.S.C. § 144

provides a procedure whereby a party to a proceeding may request the judge before

whom the matter is pending to recuse himself or herself based upon personal bias or

prejudice either against the moving party or in favor of any adverse party.  Section 144

requires the moving party to submit a timely and sufficient affidavit of personal bias and

prejudice.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  "The affidavit

must state with required particularity the identifying facts of time, place, persons,

occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Although the Court must accept the facts alleged in the supporting affidavit under § 144

as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*,

849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to

demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1997).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and § 455(b)(1) provides that a judge shall also disqualify himself where "he has a personal bias or prejudice concerning a party[.]"  The goal of this provision is to avoid even the appearance of partiality.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Glass*, 849 F.2d 1268 (internal quotation marks omitted).  The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

In the instant case, the Court finds that Plaintiff's Motion fails under both §§ 144 and 455.  With respect to § 144, Plaintiff has failed to identify any facts concerning Magistrate Judge Mix's or the undersigned's bias with particularity.  Accordingly, Plaintiff has failed to meet his substantial burden to demonstrate the impartiality of Magistrate Judge Mix and/or the undersigned.  With respect to § 455, the Court finds that no reasonable person, knowing all the relevant facts (*i.e.,* Plaintiff's disrespectful, baseless, and outlandish allegations of bias and prejudice) would harbor doubts about either judge's impartiality.  Moreover, to the extent that Plaintiff's Motion arises from certain

3

decisions Plaintiff deems unfavorable, such unfavorable decisions are not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Accordingly, the Court finds that denial of Plaintiff's Motion is warranted.

Lastly, the Court notes that throughout the course of this litigation, Plaintiff has repeatedly lodged disrespectful, baseless, and outlandish allegations of bias and prejudice against Magistrate Judge Mix.  Most recently, Plaintiff lodged nearly identical allegations in support of "Plaintiff's Motion in Opposition to Magistrates Mix [sic] Denial of His Motion for All Legal Mail at Court Expense, Sent to Him from 12-24-10 to 1-19-11 Which the Facility CCF Refused to Furnish Him With" (Doc. #2 94).  At all times during the course of this matter, the undersigned has found that Magistrate Judge Mix's rulings are adequately supported by the law and her analysis is thorough, correct, and impartial.  The Court admonishes Plaintiff for his incessant practice of insulting the judiciary and making a mockery of these judicial proceedings.  This behavior will no longer be tolerated.  Plaintiff's conduct has interfered with "one of the principal purposes of our court systems – to provide safe, effective forum for resolving disputes that is characterized by civility." *Lynn v. Roberts*, No. 01-3422, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished).  Plaintiff is warned that any future filings that contain disrespectful, baseless, and outlandish allegations against the judiciary **will** result in such pleadings being stricken from the record.

Accordingly, IT IS ORDERED THAT:

(1)     Plaintiff's Motion to Recuse Magistrate and Trial Judge (Doc. # 310) is

        DENIED; and

(2)     Plaintiff's filing of any further pleadings that contain disrespectful,

        baseless, and outlandish allegations against the judiciary will result in such

        pleadings being stricken from the record.

DATED:  April __13__, 2011

                                        BY THE COURT:


                                        _____
                                        CHRISTINE M. ARGUELLO
                                        United States District Judge

5