IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

EDWARD MORA,
RENEE OLIVETT,
MARK MATTHEWS,
WILLIAM COLTON,
FRANK HAMULA, and
HARLAN WOOLFOLK,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Suppress Deposition Taken March 30, 2011 for Unethical Conduct** [Docket No. 313; Filed April 13, 2011] (the "Motion"). Defendants filed a Response [Docket No. 323] in opposition to the Motion on May 17, 2011.

On March 30, 2011, the defendants in another of Plaintiff's pending cases, No. 09-cv-02207-CMA-KLM (the "later case"), deposed Plaintiff. At that deposition, the defendants were represented by Attorney Edward T. Farry, Jr. Attorney Farry also represents Defendants in this case (hereinafter, the "earlier case"). Plaintiff asserts that for "approx[imately] 30 to 40 minutes [Attorney Farry] questioned [him]" regarding the earlier case. *Motion* [#313] at 1. He contends that this questioning was improper and unethical

because the purpose of the deposition should have been limited to discovery of information related to the later case. *Id.* Accordingly, Plaintiff seeks to "suppress the whole of the deposition," i.e., he seeks an order declaring that his deposition testimony is inadmissible in the earlier case. *Id.*

As an initial matter, the Court finds that Attorney Farry's questioning of Plaintiff regarding the earlier case during the March 30 deposition was not improper. Plaintiff is correct that it would have been improper for Attorney Farry to question him about the earlier case for the purpose of collecting evidence to be used at the trial of the earlier case. The discovery deadline in the earlier case expired on April 30, 2010, eleven months before Plaintiff's deposition in the later case. *Courtroom Minutes/Minute Order* [Docket No. 227] (setting the April 30, 2010 deadline for the completion of discovery). Accordingly, any questioning of Plaintiff at his deposition for the purpose of discovering evidence to be used in the earlier case was untimely and, as such, improper. However, it was not improper for Attorney Farry to question Plaintiff regarding the earlier case in an effort to discover information relevant to the issues in the later case. *See Response* [#323] at 3 ("The fact that questions were asked about [the earlier] case during the deposition of the [later] case does not make such questioning improper. [This questioning was improper] only if the questions about [the earlier] case could not lead to discoverable material in the [later] case."). Attorney Farry contends that any questions he asked relating to the earlier case "were reasonably related to the discovery of admissible material in [the later case] as is permitted by Fed. R. Civ. P. 26(b)(1)." *Id.* at 6.

After reviewing the portions of the deposition transcript [Docket No. 323-1] provided by Defendants, the Court agrees with Attorney Farry and finds that his questioning was

appropriate. On at least one occasion, Attorney Farry expressly explained to Plaintiff that he was going to ask questions about the earlier case because some of Plaintiff's allegations in the earlier case overlap with his allegations in the later case: "Okay. Now let's talk a little bit about this May 11th incident. Okay? Even though it's in [the earlier case], it bears [on] [the later case] because you talk about it all the time in [the later case]." *March 30, 2011 Deposition of Jose Medina Escobar* (the "*Deposition*") [#323-1] at 4; *see also* Response [#323] at 4 (representing that "[a]nytime [Attorney Farry] brought up issues from the [earlier] case, he made it clear to the plaintiff that he was doing so"). Further, on at least one other occasion, Attorney Farry expressly explained to Plaintiff that the purpose of the deposition was to discover information relevant to the later case and not to discover information for use in the earlier case: "I also told you that whenever I ask you a question, I'm referring to a time frame; and the time frame I'm referring to is the time frame that is involved in [the later case], which are the years 2007 and 2008. So what medical care were you deprived of in calendar years 2007 and 2008?" *Deposition* [#323-1] at 3; *see also id.* at 7 (Attorney Farry stops Plaintiff when Plaintiff begins discussing the earlier case: "Wait a minute. I'm not talking about the [earlier] case. We're talking about [the later case]. You understand that?"). The Court concludes that Attorney Farry's questioning of Plaintiff at the March 30, 2011 deposition was not improper. Accordingly, the Court declines to "suppress" Plaintiff's deposition testimony as a sanction against Defendants for Attorney Farry's conduct.

The Court also declines to declare Plaintiff's deposition testimony inadmissible in the earlier case on any other grounds at this juncture. Although Plaintiff's deposition testimony was obtained after the expiration of the discovery deadline in the earlier case, Plaintiff has not offered any authority pursuant to which the testimony may be deemed inadmissible.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), the Court may impose "just" sanctions on a party for "not obeying a discovery order." These sanctions may include prohibiting the introduction of certain matters into evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii). Deposing Plaintiff in the earlier case after the expiration of the April 30, 2010 deadline for the completion of discovery would be a violation of a Court Order [#227]. Thus, if Attorney Farry had opportunistically used Plaintiff's deposition in the later case to attempt to discover information relevant to the earlier case, he arguably would have violated the prohibition on conducting discovery in the earlier case after April 30, 2010, and the Court could therefore sanction Defendants by precluding introduction of the deposition testimony into evidence in the earlier case. But, as explained above, Attorney Farry did not improperly use Plaintiff's deposition for the purpose of discovering information relevant to the earlier case. Thus, sanctioning Defendants pursuant to Rule 37(b) is not warranted. Moreover, Plaintiff has offered no explanation as to how he would be prejudiced if his deposition testimony is admitted into evidence at the trial of the earlier case. The Court therefore concludes that Plaintiff has provided no basis for declaring his March 30, 2011 deposition testimony inadmissible in the earlier case.

As a final matter, Plaintiff also formally requests that the Court appoint him counsel. *Motion* [#313] at 2. Plaintiff has previously requested the appointment of counsel to represent him in this action on six occasions. All six of these requests were denied. *Minute Order* [Docket No. 260]; *Order* [Docket No. 256]; *Minute Order* [Docket No. 88]; *Minute Order* [Docket No. 82]; *Order* [Docket No. 68]; *Order* [Docket Nos. 12 & 13]. Plaintiff's personal circumstances have not significantly changed since the denial of these requests. Nevertheless, as some of Plaintiff's claims have survived summary judgment and this case

is now proceeding to trial, the Court finds that placing Plaintiff on the list of parties needing volunteer counsel serves the Court's and the public's interest in the efficient administration of justice.

The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel. Plaintiff is hereby notified that mere placement on this list does not automatically mean that he will receive counsel. Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

As set forth above,

IT IS HEREBY **ORDERED** that the Motion [#313] is **GRANTED in part** to the extent that it requests an order placing Plaintiff on the list of parties for which the Court is seeking volunteer counsel and **DENIED** in all other respects.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall place Plaintiff on the list of parties for which the Court is seeking volunteer counsel.

Dated: May 20, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge