IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 06-cv-01222-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

EDWARD MORA,
RENEE OLIVETT,
MARK MATTHEWS,
WILLIAM COLTON,
FRANK HAMULA, and
HARLAN WOOLFOLK,

    Defendants.

---

**ORDER DIRECTING FURTHER BRIEFING BY DEFENDANTS ON PLAINTIFF'S EXHAUSTION OF REMAINING CLAIMS**

---

    This matter is before the Court *sua sponte*.

    After pending for nearly five years, this case is finally set for a three-day jury trial to commence on September 6, 2011, at 9 a.m. On June 27, 2006, *pro se* prisoner Plaintiff Jose Medina Escobar filed a complaint under 42 U.S.C. § 1983 alleging various constitutional claims against the above-captioned Defendants and others who have been subsequently dismissed from this action, arising from various events that allegedly

transpired during Plaintiff's detention at his prior corrections facility, the Colorado State Penitentiary.[1] Defendants are employees at the Colorado State Penitentiary.

After several rounds of dispositive motions, the following claims remain and are set for trial:

- Claim 1: Eighth Amendment violation against Defendants Edward Mora and Renee Olivett for cruel and unusual punishment arising from an alleged failure to provide Plaintiff a nutritionally adequate diet; specifically, Defendants allegedly deprived him of two meals a day for approximately fifteen months, causing Plaintiff to lose thirty pounds;

and

- Claim 7: Eighth Amendment violation against Defendants Mark Matthews, William Colton, Frank Hamula, and Harlan Woolfolk for excessive use of force.

(*See* Doc. ## 219 at 17, 274 at 13-14, and 321 at 1-2.) Throughout the pendency of this matter, whether Plaintiff has exhausted his administrative remedies has been at issue. Upon review of the case file, including copies of all grievances submitted,[2] the Court is unconvinced that Plaintiff has exhausted his administrative remedies with respect to the remaining claims.

It is well-established that unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 200-01 (2007). However, Plaintiff does not bear the burden to establish exhaustion; rather, Defendants bear that burden. *Id.* at 201. Moreover, courts

---

[1] On September 10, 2010, Plaintiff was transferred from the Colorado State Penitentiary to the Centennial Correctional Facility. (*See* Doc. # 257.) None of the claims in this action concern events or conduct at Plaintiff's new facility.

[2] (*See, e.g.*, Doc. ## 185 at 11-15; 215 at 36-46.)

"also are obligated to ensure that defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

In the instant case, although Defendants have previously asserted that Plaintiff failed to exhaust his First and Seventh claims for relief, among others, they have not presented any substantiating evidence. (*See* Doc. # 209 at 15-16) (discussing Defendants' failure to present sufficient, competent evidence to support their failure to exhaust affirmative defense). Given the record's lack of clarity, and the importance of resolving this issue in advance of trial, the Court finds further briefing is warranted.

Accordingly, IT IS ORDERED THAT **Defendants** shall submit further briefing and documentary evidence concerning whether Plaintiff has exhausted his admin-istrative remedies with respect to the remaining claims by no later than **close of business on June 7, 2011**. To the extent that Plaintiff has failed to exhaust his administrative remedies, Defendants shall **also** address whether such failure was procured from the action or inaction of prison officials.

IT IS FURTHER ORDERED THAT **Plaintiff** shall file a response to Defendants' briefing **within fourteen days of service**.

DATED: May   25  , 2011

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge

3